## WHEELER v. MILLER.

*Holladay* v. *Frisbie*, (15 Cal. 630) that the interest of the City of San Francisco in her beach and water lot property, under the Act of March 26th, 1851, is a legal estate for ninety-nine years, not qualified by any conditions, or subject to any specific uses, and therefore a leviable interest liable to sale on execution, affirmed.

*Smith* v. *Morse* (2 Cal. 524) commented on, and attention called to the fact that plaintiff's judgment, in that case, had become a lien on the property sold before the passage of the Funding Act of May 1st, 1851, and that hence the act was declared unconstitutional, so far as it impaired such previous lien.

A purchaser of such beach and water lot property, at a Sheriff's sale, in August, 1851, on execution issued upon a judgment recovered in January, 1851, against the city of San Francisco, acquired a title, if the judgment became a lien upon the property sold previous to the Act of May 1st, 1851, and the conveyance from the Commissioners of the Sinking Fund, to the Commissioners of the Funded Debt.

In this case, as the record does not show that the judgment ever became such lien, the decision, giving title to the purchaser, must be taken without reference to any rights which the Commissioners of the Funded Debt may possess.   They are not parties, and as to their rights no opinion is here expressed.

APPEAL from the Twelfth District.

The facts sufficiently appear in the opinion.    Plaintiff had judgment. Defendant appeals.

*R. H. Lloyd*, for Appellant.

*F. M. & H. H. Haight*, for Respondent.

The points and authorities of counsel are omitted, for the reason that the questions raised are decided in *Holladay* v. *Frisbie*, 15 Cal. 630.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

This is an action to recover certain premises situated within the city of San Francisco, constituting a portion of the property known as the beach and water lot property, granted to the city by the Act of March 26th, 1851.    The plaintiff claims title by virtue of a conveyance from the Sheriff of the county of San Francisco, executed to one Hiram Pearsons, upon a purchase at a sale under a judgment and execution against the city, and a subsequent conveyance from Pearsons to himself. The judgment was rendered on the eighteenth of January, 1851, and the Sheriff's sale was made under an alias execution issued on the twenty-third of August following.

The principal question involved relates to the leviable character of the interest of the city in the beach and water lot property.    This question was fully considered and determined in the case of *Holladay* v. *Frisbie*, decided at the last term (15 Cal. 630).    We there held that the interest of the city in the property was a legal estate for ninety-nine years, not qualified by any conditions or subject to any specific uses, and was therefore a leviable interest, liable to sale under execution.    The views there expressed are approved and affirmed.

The case of *Smith* v. *Morse*, (2 Cal. 524) cited by the respondent, was a controversy between a purchaser at Sheriff's sale and the Commissioners under the Act of May 1st, 1851, authorizing the funding of the floating debt of the city, the latter claiming that the estate of the city had passed to them by a conveyance from the Commissioners of the Sinking Fund.    In that case the judgment, upon which the sale was made, had become a lien upon the property sold before the passage of the Funding Act of May 1st, 1851, and the Court held the act unconstitutional so far as it affected the rights of the plaintiff; that is to say, so far as it impaired the previous lien of his judgment.    In the case at bar, it does not appear that a transcript of the judgment under which

the sale was made, at which Pearsons became the purchaser, was ever filed for record in the Recorder's office of the county, which was required in order that the judgment might become a lien upon the property under the Practice Act of 1850, which act continued in force until the first of July, 1851.  (See Act regulating Civil Proceedings of April 22d, 1850, sec. 172.)

If the judgment in question in fact became a lien upon the property sold, previous to the Act of May 1st, 1851, and the conveyance from the Commissioners of the Sinking Fund to the Commissioners of the Funded Debt, the case falls directly within the authority of *Smith* v. *Morse*, and a clear title accrued to the purchaser at the Sheriff's sale; but if such were not the fact, if no steps were taken to give to the judgment the force of a lien, a question of a different character might perhaps be presented.  Our decision in this case must be taken without reference to any rights which the Commissioners may possess.  They are not parties, and their rights are not involved, and we neither express nor intimate any opinion respecting them.  We only allude to the matter that we may not be embarrassed by this decision, should the Commissioners in any subsequent proceedings attempt to assert any rights to the property.

Judgment affirmed.