<hr/>

No. 2,069.

LEWIS SOHER, PETITIONER, v. SUPERVISORS OF CALAVERAS COUNTY, RESPONDENT.

STATUTORY CONSTRUCTION. — The Act of 1868, to fund the indebtedness of Calaveras County, does not repeal the Act of 1861, on the same subject.

IDEM. — Neither the Act of 1861 nor the Act of 1868 is compulsory on the creditors— does not require them to surrender their evidences of indebtedness, nor forbid the county to pay its debts, if the creditors should refuse to accept the bonds.

IDEM. — The Act of 1861 is still in force in respect to outstanding bonds issued under its provisions, and their payment must be provided for as required by that Act.

IDEM. — INTEREST. — When no provision is made, in a funding statute for the payment of interest after the bonds, issued under it, have become due, no interest will accrue thereon after that date.

APPLICATION to the Supreme Court, in the exercise of original jurisdiction, for a writ of mandate to the Supervisors of Calaveras County.

The petitioner alleged that he was the holder of certain bonds, issued in pursuance of "An Act to fund the indebtedness of Calaveras County," passed April 14, 1861; that the Board of Supervisors of Calaveras County had refused to levy any tax or to make any provision for the payment of said bonds, or for any interest thereon accruing since January, 1868; that there is money in the treasury of said county properly applicable to the payment of the interest due on

the bonds since January, 1868; but the Board of Supervisors refuse to order the Treasurer to pay the same or any part thereof; and prays for a peremptory writ of mandate commanding the Board of Supervisors to levy the tax, and take the other steps provided by the Act of 1861, to constitute a sinking fund for the payment of the bonds issued under said Act; and also requiring the Supervisors to order the Treasurer to pay the interest accruing on said bonds since January 1st, 1868.

*H. P. Barber*, for Petitioner.

*Jo Hamilton*, Attorney General, for Respondent.

Rhodes, C. J., delivered the opinion of the Court:

There is no necessity for the discussion in this case of the constitutional question which has been argued with much force by the petitioner's counsel—the question whether the Legislature has the power, notwithstanding the prohibition of the Constitution of the United States, and of the State, to require a bond creditor of a county to accept, in lieu of his bonds, new bonds payable at a later date, and bearing a lower rate of interest than those he holds. The Act of 1868, to fund the indebtedness of Calaveras County (Stats. 1867–8, p. 301), does not expressly repeal the Funding Act of 1861 (Stats. 1861, p. 364), nor do we find anything in the Act of 1868 that repeals the former Act by implication. It is provided in the Act, that upon a surrender of the bonds of the county by a bond-holder, the Fund Commissioners shall deliver to him an equal amount of bonds issued under the provisions of that Act; but there is no provision *requiring* the bond-holder to make such surrender, nor does the Act, in order to enforce such surrender, deny or withhold any remedy which he then possessed, for the satisfaction of his bonds. The Act of 1861 was not compulsory on the creditors of the county—did not require them to surrender their evidences of indebtedness, nor forbid the county to pay its debts, if the creditors should refuse to accept the bonds; and the Act of 1868 is not more stringent in this

respect.    The Fund Commissioners are required to prepare
bonds, equal in amount to the bonds of the county then due
and unpaid, and certain other indebtedness, not exceeding
a specified amount; but whether they will be accepted in
place of the former bonds, depends upon the election of the
creditors.    The intent to make the acceptance of the new
bonds compulsory upon the creditors, ought not to rest upon
doubtful implications, but should be manifested by clear
and unmistakable language.    The Act of 1861, in our opin-
ion, is in force in respect to outstanding bonds issued under
its provisions, and their payment must be provided for, as
required by that Act.    No provision was made for the pay-
ment of interest beyond January 1, 1868, when the princi-
pal of the bonds became due; and, according to the authority
of *Beals* v. *Supervisors of Amador County* (28 Cal. 449), no
interest accrued after that date.

Peremptory mandate ordered, requiring the Supervisors
to levy a tax, as provided for in the fifth section of the Act
of May 14, 1861, to provide a sinking fund for the redemp-
tion of said bonds.

SPRAGUE, J., expressed no opinion.