[No. 8,817. In Bank.—April 27, 1885.]

## SAMUEL DAVIS, PETITIONER, v. JAMES N. PORTER, TREASURER OF THE CITY OF SACRAMENTO, RESPONDENT.

SACRAMENTO BONDS—INTEREST ON INTEREST—MANDAMUS.—The treasurer of the city of Sacramento cannot be compelled by mandamus to pay interest on the unpaid interest of the bonds issued in pursuance of section 37 of the act of April 24, 1858. Neither that act, nor the act of April 25, 1863, imposes upon the treasurer the duty of paying more than annual interest.

ID.—OFFICE OF WRIT.—A writ of mandate does not lie to command a person to perform an act beyond that enjoined by law upon him as a duty pertaining to his office or position.

MANDAMUS to compel the treasurer of the city of Sacramento to pay certain coupons on bonds issued under the act of April 24, 1858. The petition prayed for a writ to " command said respondent to pay the petitioner the amount due upon said coupons, to wit, the sum of $10,092, with interest thereon from the first day of January, 1872, besides his costs." On the 17th of September, 1884, the court, on the authority of *Freehill* v. *Porter,* 65 Cal. 603, ordered judgment in favor of the petitioner, that " the writ issue as prayed for." On the 9th of October, 1884, the judgment was modified, by striking out therefrom the directions for the payment of interest on the coupons. The petitioner thereupon made the present motion to vacate the order of October 9, 1884. The further facts are stated in the opinion of the court.

*J. F. Cowdery, I. S. Belcher,* and *W. C. Belcher,* for Petitioner.

*A. P. Catlin,* and *Freeman & Bates,* for Respondent.

THORNTON, J.—Only one question is before us for decision in this case, viz: Is the petitioner entitled to have the writ of mandate ordered by this court, commanding the treasurer of the city of Sacramento to pay interest on the interest due on the coupons which were not paid at maturity?

It is alleged in the petition that there was due the petitioner by the city upon his coupons the sum of $10,092, besides interest thereon from the first day of January, 1872. The prayer of the petitioner is that the respondent, treasurer of the city aforesaid, be commanded to pay the petitioner the sum above mentioned, with interest thereon from the first day of January, 1872, besides his costs.

The alternative writ pursued the allegation and prayer above mentioned.

Is the petitioner entitled to the writ with the command, as claimed by him? This writ is issued to enforce the performance of an act specially enjoined by law, as a duty resulting from an office, trust or station. (C. C. P., § 1085.) No court in this state can command a person to perform an act beyond that enjoined by law upon him as a duty pertaining to his office or position. If, then, such command in the writ of mandate to be issued would impose upon the respondent, as treasurer of the city as aforesaid, the performance of an act beyond what was required of him by law in the discharge of the duties of his office, such command should not be inserted in the writ.

Now, what is the duty of the treasurer under the law, in regard to the payment of interest on the coupons in question? Does it extend to the payment of the annual interest only on the bonds to which those coupons were attached, or does it go beyond this, and include the payment of interest on the interest due on the coupons? This can only be determined by the provisions of the statutes relating to the point under discussion.

The bonds were issued by authority of the thirty-seventh section of the act of April 24, 1858 (statutes 1858, p. 280), and were to bear interest at the rate of 6 per cent. per annum, payable annually at the office of the treasurer, on the first day of January in each year. Coupons for the interest were to be at-

tached to each bond, to be signed by the treasurer and consecutively numbered. It was made the duty of the bookkeeper of the city and county, and also of the treasurer, to keep a separate record of all bonds issued, showing the number, date and amount of each bond, to whom issued, upon what claim and its amount; and it was provided that none of the claims specified for which these bonds were to be issued should be liquidated or paid, except in the manner provided in the act. (See section above cited.)

By section 35 of the same act, a fund was provided from the revenues of the city, called the interest and sinking fund, to be applied to the payment of the *annual interest*, and the final redemption of the bonds above mentioned, issued under the act. By section 38 it is enacted that the annual interest and principal of the bonds above mentioned shall be paid from the interest and sinking fund provided in section 35, and in the manner otherwise provided in this act.

By section 40 of the same act it is provided as follows : " It shall be the duty of the treasurer to pay the interest on said bonds, when the same falls due, out of said interest funds, as provided in this act."

By the 26th section of the act of April 25th, 1863 (Stats. 1863, p. 426), a provision is made continuing the interest and sinking fund, which, it is enacted, shall be applied to the payment of the annual interest upon the bonds above mentioned, the excess of which fund, after the payment of said interest, to be applied to the redemption of said bonds, etc.

It will thus be seen that the interest and sinking fund provided for by the acts above cited is created, to be applied to the payment of the *annual interest* on the bonds above mentioned, and their redemption under section 39 of the act of 1858, and section 26 of the act of 1863, and to the payment of the principal of such bonds when they become due. The interest mentioned, to discharge which the fund is provided, is always spoken of as annual interest. Only in section 40, the interest is not in so many words styled *annual*, but it is implied by language as strong as express words. The duty of the treasurer is to pay the interest on these bonds, " when the same falls due."

As under the provisions of the act the interest fell due annu-

ally, annual interest was alone signified.    Moreover, the treasurer was directed to pay the interest " out of said interest funds, as provided in this act."    The interest funds provided in the act are those referred to above, created to pay the annual interest on the bonds, and final redemption and payment of principal of such bonds.

It follows, as a consequence of the foregoing, that the duty enjoined on the treasurer by the law only extended to the annual interest, and did not extend beyond it.    His duty did not embrace the payment of interest accruing on coupons which were not paid when they became due.    The court cannot therefore issue any command to the defendant, to pay beyond the annual interest evidenced by the coupons involved in this proceeding. (See *Soher* v. *Supervisors*, 39 Cal. 134; *Beals* v. *Supervisors*, 28 Cal. 449.)

The writ will therefore be issued without further command, and the motion to change the judgment, as modified by the order of October 9, 1884, directing the payment of the coupons only, is denied.

It may be conceded that the plaintiff is entitled to have the interest on his coupons not paid at maturity, of the city of Sacramento.    But in this proceeding it cannot be allowed, for the reasons above given.    This is not an action brought upon the coupons, to recover the amount due on them, and interest on such amount.    Nor is it an application to have the proper authorities of the city of Sacramento levy a tax for such purpose. But it is an application to compel the performance of an act specially enjoined by law, and resulting as a duty from the office and station of respondent.    We have pointed out the limits of the remedy in the foregoing part of this opinion, and as so limited, such interest on interest cannot be allowed.    If the party is entitled to recover such interest, he must resort to some other mode of procedure.

The judgment heretofore entered in this cause, as modified by the order of October 9th, 1884, will stand as the judgment of this court.

Sharpstein, J., Morrison, C. J., Myrick, J., McKinstry, J., and McKee, J., concurred.