[No. 13329. In Bank. — January 16, 1890.]

GEORGE E. BATES, APPELLANT, *v.* WILLIAM E. GERBER, AS TREASURER OF THE CITY OF SACRA-MENTO, RESPONDENT.

SACRAMENTO BONDS — INTEREST ON OVERDUE COUPONS — MANDAMUS. — The treasurer of the city of Sacramento cannot be compelled by *mandamus* to pay interest on overdue coupons of the bonds of that city issued under the act of 1858. (*Davis* v. *Porter,* 66 Cal. 658, affirmed.)

ID. — INTEREST ON INTEREST — SPECIAL STATUTE ENTERING INTO CONTRACT — SURRENDER OF COUPONS. — The general statute providing for interest after maturity on all contracts does not apply to interest on the coupons of bonds issued under a special statute, which provided a specific fund out of which the bonds should be paid, and for the payment of the principal and annual interest, and nothing more. Such special statute enters into and forms part of the contract for the payment of the bonds, and no interest on interest is recoverable thereon. The treasurer paying overdue coupons of such bonds may require them to be surrendered as fully paid and satisfied, as a condition of payment of the amount called for by the coupons. THORNTON, J., dissenting.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*W. C. Belcher,* and *A. C. Freeman,* for Appellant.

*A. P. Catlin,* and *Taylor & Holl,* for Respondent.

WORKS, J. — *Mandamus* to compel the respondent, as treasurer of the city of Sacramento, to pay interest on overdue coupons of certain bonds of said city.

The court below sustained the demurrer to the complaint, and rendered judgment for the defendant thereon. The plaintiff appeals.

The precise question presented here was decided adversely to the appellant in *Davis* v. *Porter*, 66 Cal. 658. On the authority of that case the judgment of the court below must be affirmed, not alone because it has been so decided by this court, but because it was correctly decided, for the reasons stated in the opinion.

In this case a demand was made on the treasurer for the payment of the annual interest provided for by the coupons, and interest on the amount due on such coupons from the time the same matured. The treasurer offered to pay the amount called for by the coupons, on delivery of such coupons to him, but declined to pay interest on the interest, or to pay any part of the indebtedness, unless the coupons were surrendered as fully paid and satisfied.

It is earnestly contended by the appellant that, conceding that *mandamus* would not lie to compel the treasurer to pay interest on the annual interest, such coupons drew interest from their maturity under the general statute providing for such interest, after maturity, on all contracts, and that, as the debt existed, the treasurer had no right to impose, as a condition upon which he would pay the annual interest, that the coupons should be surrendered. We cannot accede to this view of the law. These bonds were provided for by special statute, which provided a specific fund out of which they should be paid. The act provided for the payment of the principal and annual interest, and nothing more. (Stats. 1858, p. 279, sec. 35, p. 280.) There was no other fund out of which the interest demanded could have been paid, and to have paid out a part of the fund on a liability not pro-

vided for or allowed by law would have been to divert
a part of the fund from the purpose intended, and thereby
to deprive other bond-holders of their annual interest,
and perhaps of their principal. The statute having pro-
vided specifically what should be paid out of this fund,
and of what the fund should consist, it cannot be pre-
sumed that it was the intention of the legislature that
there should be a general liability over against the city
for interest on the annual interest in case the fund for
any year should be insufficient to meet such interest.
The statute under and by virtue of which these bonds
were issued was the basis of, and became a part of, the
contract, and the bond-holders must be held to have
taken the bonds with the understanding and agreement
that they were only entitled to the principal and the
annual interest, and that if the fund provided for the
payment thereof should be insufficient to meet the same,
that no interest on the coupons were provided for or
could be recovered.

Judgment affirmed.

McFARLAND, J., and PATERSON, J., concurred.

Fox, J., concurring. — I concur in the judgment.
Even if these coupons bear interest after maturity, or
after non-payment for want of funds at or after maturity
(which is not conceded), the treasurer did all that he
was required or authorized to do when he offered to pay
the face of the coupons upon condition of their surrender
to him; and the condition was one which he was not
only authorized, but which it was his duty, to impose.

The bond from which each coupon was severed, as
well as the act under which it was issued, was a part of
the contract made between the municipality and the
person to whom the bond was issued, at the time it was
issued, and all the conditions of that contract followed
the bond, and every coupon attached to it, into whoseso-

ever hands it might thereafter go.  The act was a special
one for the incorporation of a municipality, the funding
of the indebtedness of its predecessors, for which it would
be liable, and providing for the general government of
the new municipality.  It constituted the whole law of
the state on the special subjects with which it dealt, and
for which it provided, — taking those subjects out of the
operation of all general laws which might otherwise
have been applicable thereto.  The holders of claims
against the former municipality, or the former county,
were not bound to accept its provisions; but if they did,
they and their subsequent assignees were bound by them.

*Quoad* these bonds, and the coupons attached to them,
that act became  a part of the contract.  The act pro-
vided for the issuance of the bonds, for the time of their
maturity, for the payment of annual interest thereon at
the rate of six per cent per annum, payable at the office
of the treasurer on the first day of January in each year,
and that coupons for the interest should  be attached to
each bond, and also provided for a fund to meet these
several sums as they should fall due.  It did not provide
for either  principal or interest bearing interest after
maturity, and  provided no fund to meet such an added
liability.  The holders of the bonds accepted  them with
full knowledge of these provisions, and that this statute
constituted the whole law by which their rights and
remedies were to be ascertained and determined; for
every man dealing with a municipal corporation is bound
to know that its powers are only such as are conferred
by the statute under which it is authorized to act, and
its obligations can only be such as it is by the statute
authorized to assume, or those *necessarily* incident to the
exercise of the powers expressly conferred.  Knowing
this, they knew that no provision was, or without further
legislation could be, made for the payment of interest
after maturity upon any of these obligations.  They also
knew that they could not maintain any action against

the municipality upon any obligation arising under this act, and accepted their obligations upon that condition. Nothing in the act prohibited them from maintaining any proper action against the officers of the municipality for neglect to perform any of the duties prescribed by the act, but they were forbidden to maintain any action against the municipality itself, upon any liability incurred under the act, and they voluntarily accepted these obligations upon that condition.

This act provided for the funding of the old indebtedness; for the creation of a fund to meet the obligations specially authorized in that behalf; and also for a fund to meet the current expenses of the government of the municipality; but it not only, *ex industria*, omitted to provide for any of these obligations bearing interest after maturity, or for the payment of any such interest, but it also expressly provided that no officer nor any person should have power to contract a debt against the municipality for any purpose, or under any pretext whatever. (See section 45.) If any of the officers had made any provision, express or implied, to the effect that any of the obligations which they were authorized to issue under the act should bear interest at a greater rate or for a longer period than that provided in the act itself, to that extent it would have been in direct violation of this provision, and void.

In view, then, of the fact that all the rights and obligations of the parties in relation to these bonds and coupons are limited and controlled by the provisions of this act under which they were issued, the able argument of counsel in support of the proposition that the coupons bear interest after maturity, based upon other statutes and upon decisions rendered under other laws, seems to me to have no application. This act takes the subject-matter upon which it operates out of the general laws in relation to interest and out of the operation of all other laws. Under this act the rule laid down in

*Soher* v. *Supervisors of Calaveras County*, 39 Cal. 134, seems to me the only rule that can be applied: "When no provision is made in a funding statute for the payment of interest after the bonds issued under it have become due, no interest will accrue thereon after that date." And the rule that will apply to the bonds will also apply to the coupons. As was said in *Beals* v. *Supervisors of Calaveras County*, 28 Cal. 450, "there is no express contract to pay interest, and no rule of law independent of statutory provisions that would require interest to be paid." The statute under consideration in the case of *Davis* v. *County of Yuba*, 75 Cal. 452, was so widely different from the one now under consideration as to make the decision in that case of no value as an authority in this case. There it was expressly provided that other funds might be resorted to than the one created under the funding act, and that the board might make other provisions than those specified in the act, if those were found insufficient. The payment of interest in consideration of forbearance might well be allowed in that case, as the provisions of the statute were sufficiently liberal to allow that to be done.

It is claimed that the case of *Davis* v. *Porter*, 66 Cal. 658, holds that the coupons upon the bonds issued under this act bear interest after maturity; but I do not so read the decision. The effect of that decision is, that, even if it be conceded that they so bear interest, the plaintiff was not entitled to the relief demanded, for the reason that the treasurer was not authorized to pay more than the face of the coupons. It was not necessary in that case to decide that they did (or did not) bear interest, and the language used does not import a decision to that effect. I am unable to find any decision that will support that theory, as applicable to bonds or coupons issued under a statute like the one here under consideration.

But, as said in the case last referred to, and as I have

said in the beginning, even if these coupons did bear interest after maturity or presentation, the plaintiff is not entitled to this writ, for the reason that the treasurer is not by the act authorized to pay anything more than the face of the obligation, and he offered to pay that upon the only terms and conditions upon which he was authorized to pay it, namely, upon surrender of the coupons. The bond, as well as the act, forms a part of the contract, and every coupon refers to the bond, and declares upon its face that it is for interest upon the bond. The holder is, therefore, bound to look at the bond, as well as the coupon, for the conditions of his contract; and when he does so he finds it specified in express terms that the interest (for which the coupon is attached) is payable upon surrender of the coupon. Plaintiff was not, therefore, entitled to the payment of even the principal sum named in the coupon, except upon surrender of such coupon.

THORNTON, J., concurring.—I concur in the judgment, for the reasons stated in the decision in *Davis* v. *Porter*, 66 Cal. 638. In that case the main question presented in this case was fully argued by counsel, considered, and decided. I am of opinion that the decision there made was correct in every particular, viz., that *mandamus* would not lie to command the payment of interest on the interest mentioned in the coupons. The prayer in the petition for the mandate herein is for a writ commanding the payment of both coupons and interest on them. It was properly refused, for the reason that, as asked for, it would include interest on coupons, which the court could not lawfully grant. The demand on the treasurer also included both coupons and interest on coupons. It was, therefore, proper to refuse the writ. (*Price* v. *Riverside Land & I. Co.*, 56 Cal. 436.) While it would have been error to refuse the writ for the payment of the coupons, it was not error to refuse it for the payment of coupons and interest on them.

I am, however, of opinion that the holder of overdue coupons has the right to have, under the statute, as it has stood from the date of the first statute on the subject of interest enacted in this state, and as it stands now, from the city of Sacramento, interest on such overdue coupons. In that respect the city of Sacramento is like any other debtor. The refusal to pay such interest would be repudiation; nothing more nor less.

I am of opinion that the treasurer had no right to demand, as a condition of paying such coupons, that they should be surrendered to him. The holder of such coupons has a right under the general statute (Civ. Code, sec. 3137), and under the law, if no statute had been enacted, to retain them, for the reason that he has a claim upon them for interest. The payment of the principal of the coupon does not pay it in full; a partial payment is only thus made. The debtor (the city of Sacramento) can only require that a receipt for the amount paid be written on each coupon. (Civ. Code, sec. 3137.) The treasurer can require no more, and the holder has a right to retain in his possession the coupons, with the receipts written on them, as evidence of his claim for interest not paid.