[Civ. No. 12669. Second Appellate District, Division Two.—December 31, 1940.]

DORMAX OIL CO. (a Corporation) et al., Petitioners, v. R. D. BUSH, as State Oil and Gas Supervisor, etc., Respondent.

Bush, Reynolds & Painter, Reynolds & Painter and Willard
W. Wallace for Petitioners.

Earl Warren, Attorney-General, and R. S. McLaughlin,
Deputy Attorney-General, for Respondent.

John C. Gillham, Finlayson, Bennett & Morrow and Frank
G. Finlayson, as *Amici Curiae,* on Behalf of Respondent.

McCOMB, J.—This is an original application for a writ of
mandate to require respondent State Oil and Gas Supervisor
to issue petitioner Dormax Oil Co. a permit to drill for oil on
lots 83 and 84 of Licensed Surveyor's Map recorded in Book
16, page 2, Records of Surveys of Los Angeles County (lo-
cated in the Rosecrans Oil Field).

Petitioners allege in their application for a writ of mandate
that petitioner Warden is the owner of the above-mentioned
lots and that he has executed a lease in favor of petitioner
Dormax Oil Co. for the purpose of drilling for oil and gas
upon said property; that on February 21, 1940, petitioner
Dormax Oil Co. filed with respondent a notice of intention to
drill a well on said lots; that March 15, 1940, respondent dis-
approved said notice of intention to drill; that the property
upon which petitioner desires to drill is located in the Rose-
crans Oil Field, which has continued to produce oil since
1924 and was producing oil on August 14, 1931; and that the
Public Resources Code does not apply to fields producing oil
or gas on August 14, 1931 (sec. 3605, Public Resources Code).

Respondents first confront us with the proposition *that the
petition does not state facts sufficient to entitle petitioners to
the relief which they seek.*

This proposition is tenable. We must for the pur-
pose of determining the sufficiency of the petition, accept the
allegations therein as true. The petition alleges that the
Rosecrans Oil Field, in which petitioners' lots are located was
an oil field drilling and producing oil on and prior to August

14, 1931. Therefore, petitioners were not required to obtain a permit from respondent before commencing the drilling of oil wells on their property. All that was necessary for them to do was to file a notice of intention to commence drilling together with the bond as required by sections 3203 and 3204 of the Public Resources Code. There is no provision in the Public Resources Code or otherwise authorizing respondent to issue a permit upon a state of facts such as is alleged in the petition. Therefore, under the well-established rule that a writ of mandate will not issue against an officer where the law does not specifically enjoin performance of the act which it is sought to compel him to perform (sec. 1085, Code Civ. Proc.; *City of Napa* v. *Rainey,* 59 Cal. 275, 276; *Davis* v. *Porter,* 66 Cal. 658, 659 [6 Pac. 746]; *Albori* v. *Smith,* 18 Cal. App. (2d) 615, 618 [65 Pac. (2d) 81]), petitioners have failed to allege facts sufficient to entitle them to the relief which they seek.

There is no merit in petitioners' contention that they will be required to expend sums of money in drilling a well and may subsequently be met with litigation contesting their claim that the oil field in which they desire to drill was an oil field producing oil on or before August 14, 1931. This is merely one of the incidents which attaches to the privilege of living in a free country. Each citizen is continually called upon to determine at his peril the extent of the use which he can make of his own property, real and personal, without violating the law.

For the foregoing reasons the application for a writ of mandate is denied and the alternative writ of mandate heretofore issued is quashed.

Moore, P. J., and Wood, J., concurred.