# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00562-CV

**Hisako Reardean and All Other Occupants of 12124 Barrell Bend, Austin, Texas 78748, Appellants**

**v.**

**Federal Home Loan Mortgage Corporation, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-12-002845, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Hisako Reardean and her husband Frank appeal a trial court judgment in a forcible detainer action awarding Federal Home Loan Mortgage Corporation (Federal Home) possession of residential real property. In a single issue, the Reardeans contend that the trial court lacked jurisdiction because Federal Home's evidence raised a question of title. We will affirm the trial court's judgment.

## BACKGROUND

In June 2005, the Reardeans executed a deed of trust granting a first lien security interest in a residential property, located at 12124 Barrell Bend in Austin (the Property), to Northland Funding Group LP d/b/a Capital Mortgage Services (Northland). The deed of trust provided that:

> If the Property is sold pursuant to [a nonjudicial foreclosure sale under the deed of trust], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

After the Reardeans defaulted on the loan, the Property was sold to CitiMortgage, Inc. at a non-judicial foreclosure sale on February 1, 2011. CitiMortgage received a substitute trustee's deed memorializing the conveyance. CitiMortgage later executed a special warranty deed conveying the Property to Federal Home. On February 1, 2012, Federal Home, through its counsel, sent written notice to the Reardeans terminating their tenancy-at-sufferance and instructing them to vacate the Property within three days. When they did not vacate the Property, Federal Home filed this forcible detainer action in justice court against the Reardeans and all occupants of the Property. The justice court ordered that Federal Home recover possession of the Property. The Reardeans appealed the judgment to the county court at law. Following a de novo bench trial, the trial court granted Federal Home a judgment of possession. This appeal followed.

## ANALYSIS

In a single issue, the Reardeans assert that the trial court lacked jurisdiction because Federal Home's evidence raised a question of title.

A forcible detainer is a procedure to determine the right to immediate possession of real property where there is no unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title. *Id*. at 926–27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). To prevail in a forcible detainer action, a party must

only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 746 (in forcible detainer action "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated"). A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a). To establish forcible detainer, Federal Home had to prove: (1) it was the owner of the property in question, (2) the Reardeans were occupants at the time of foreclosure, (3) the foreclosure was of a lien superior to the Reardeans' right to possession, (4) Federal Home made a written demand for possession in accordance with section 24.005 of the property code, and (5) the Reardeans refused to vacate. *See id*. §§ 24.002, .005; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

At trial, Federal Home introduced into evidence certified copies of the Reardeans' deed of trust, the substitute trustee's deed granting the Property to CitiMortgage following foreclosure, and the special warranty deed granting the Property to Federal Home. The parties stipulated at trial that the Reardeans received notice. The Reardeans did not present any evidence. The substitute trustee's deed reflected that CitiMortgage purchased the Property after the Reardeans defaulted under the terms of the deed of trust. The special warranty deed reflected that CitiMortgage then conveyed title to the Property to Federal Home. The deed of trust established that the Reardeans became tenants at sufferance when they refused to surrender possession of the Property after it was sold at a non-judicial foreclosure sale. Finally, the notices sent by

3

Federal Home informed the Reardeans that their tenancy was being terminated and that they were required to vacate the Property. This evidence was sufficient to establish Federal Home's right to immediate possession of the Property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd); *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g); *Williams*, 315 S.W.3d at 927.

However, if determining the right to immediate possession necessarily requires resolution of a title dispute, the justice court and county court have no jurisdiction to enter a judgment. *Rice*, 51 S.W.3d at 709; *id.* at 713 (collecting cases). In most disputes, the right to title can be determined separately from the right to immediate possession, and the Texas Legislature has expressly established a system designed to keep the two issues separate. *Id.* at 710. Thus, the trial court cannot determine in a forcible detainer action whether the sale of property under a deed of trust is invalid; instead, the displaced property occupant is entitled to bring a separate suit in district court to resolve any title issues. *Id*. (citing *Scott*, 90 S.W.2d at 818–19). The Reardeans rely on *A Plus Invs., Inc. v. Rushton*, No. 02-03-00174-CV, 2004 WL 868866 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.), an unpublished memorandum opinion from the Fort Worth Court of Appeals, to support their argument that Federal Home's purported failure to present evidence "connecting the dots" in their chain of title from Northland to Federal Home raised an issue of title that deprived the trial court of jurisdiction.

In *A Plus*, after the Rushtons defaulted on a home equity loan, the lender filed an application for a court order allowing foreclosure and sale of the property.[1] *Id*. at *1; *see also*

---

[1] The Texas Constitution places additional safeguards on foreclosures arising from defaults on home equity loans, including the requirement that a lender file an application for judicial

Tex. R. Civ. P. 736. The trial court granted the lender's application and ordered the sale of the property. *Id*. Subsequently, CitiFinancial, Inc., an alleged successor of the lender, appointed a substitute trustee who conducted a foreclosure sale. *Id*. A Plus purchased the property from CitiFinancial and provided notice to vacate to the Rushtons. *Id*. After they refused to vacate, A Plus brought an action for forcible detainer and obtained a judgment of possession in the justice courts. *Id*. On appeal, the Rushtons informed the county court that they had filed suit in district court challenging A Plus's title because of the discrepancy between the order of foreclosure in favor of the lender and the actual foreclosure conducted by CitiFinancial. *Id*. The county court abated the proceeding until title was determined by the district court. *Id*. A Plus later filed a motion to vacate the abatement, requesting that the court try the case or dismiss it for want of jurisdiction. *Id*. The county court dismissed for want of jurisdiction and A Plus appealed. *Id*.

On appeal, the Rushtons argued that the county court lacked jurisdiction because "the question of title [was] so intertwined with the issue of possession that possession may not be adjudicated without first determining title." *Id*. at *2. The court noted that the security instrument required a court order for foreclosure. *Id*. (citing Tex. Const. art. XVI, § 50(a)(6)(D)). Therefore, the court reasoned, "in order for CitiFinancial to have the right to foreclose . . . it would have needed to obtain an order from the district court." *Id*. However, the evidence only showed that the lender obtained such an order; there was "no evidence in the record to support a link between [the lender] and CitiFinancial." *Id*. The court concluded this "failure to connect the dots [was] fatal to A Plus's

---

foreclosure. *See* Tex. Const. art. XVI, § 50(a)(6)(D). The Rushtons's security instrument incorporated this constitutional requirement. *A Plus Invs., Inc. v. Rushton*, No. 02-03-00174-CV, 2004 WL 868866, at *2 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.).

case." *Id.* Because the county court would have to determine the issue of title to resolve the right to immediate possession, the court held that it lacked jurisdiction. *Id.* at *3.

We conclude that *A Plus* is distinguishable. In short, A Plus lacked a court order permitting foreclosure as required by the underlying home equity security instrument and the Texas Constitution, whereas the Reardeans' deed of trust had no similar requirements and instead permitted non-judicial foreclosures. *Id.* at *2–3; *see also Presley v. McGrath*, No. 02-04-00403-CV, 2005 WL 1475495, at *3 (Tex. App.—Fort Worth 2005, pet. dism'd w.o.j.) (mem. op.) (distinguishing *A Plus* on similar grounds). Here, the issues of title and right of possession are not so intertwined that the trial court lacked jurisdiction. *See Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558–59 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g) (collecting cases); *Rice*, 51 S.W.3d at 713 (same). Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *Schlichting*, 346 S.W.3d at 199 (citing *Rice*, 51 S.W.3d at 712); *see also Rice*, 51 S.W.3d at 712 & n. 4 (noting that when landlord-tenant relationship is lacking justice court and county court may need to adjudicate title). As discussed above, the foreclosure pursuant to the deed of trust created a landlord and tenant-at-sufferance relationship between Federal Home and the Reardeans. Thus, it was not necessary for the trial court to resolve the title dispute to determine the right of immediate possession. *Schlichting*, 346 S.W.3d at 199; *see also Hornsby v. Secretary of Veterans Affairs*, No. 05-11-01075-CV, 2012 WL 3525420, at *3 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op.) ("Although [appellant] challenges the chain of title to the property, 'the merits of the title shall not be adjudicated' in a forcible detainer action." (quoting Tex. R. Civ.

6

P. 746)); *Stephens v. Federal Home Loan Mortg. Corp.*, No. 02-10-00251-CV, 2011 WL 1532384, at *2 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding Federal Home not required to "connect the dots" between original lender and mortgage servicer regarding title; substitute trustee's deed evidenced Federal Home purchased property following plaintiff's default); *Deubler v. Bank of New York Mellon*, No. 02-10-00125-CV, 2011 WL 1331540, at *2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding party not required to present evidence establishing linkage between deed of trust and substitute trustee's deed to establish superior right to possession); *Kaldis v. Aurora Loan Servs.*, No. 01-09-00270-CV, 2010 WL 2545614, at *3 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (holding whether substitute trustee's deed was "void" or "deficient" or there was a "gap in the chain of title/ownership" was outside of the scope of the forcible detainer action). Accordingly, we overrule the Reardeans' sole issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed: August 14, 2013