[Sac. No. 1133.   Department Two.—September 21, 1904.]

## C. E. HOWE, Appellant, v. J. N. SOUTHREY et al., Respondents.

MANDAMUS—JUDGMENT AGAINST SCHOOL DISTRICT—COSTS.—Where a final judgment has been rendered in the superior court against a school district, upon appeal from the justice's court, for a specified sum and costs, and the trustees of the school district offered to pay principal sum, but refused to pay the costs, *mandamus* will lie to compel them to issue to the petitioner the proper order for payment of the whole judgment, including the costs.

ID.—JURISDICTION TO AWARD COSTS—ERROR NOT REVIEWABLE.—The court had jurisdiction to determine the question whether costs should be awarded against the school district, and, having jurisdiction, it could decide the question rightly or wrongly, and, its decision being final, any error in awarding costs cannot be reviewed upon application for writ of mandate.

ID.—INTEREST—OFFICE OF WRIT OF MANDATE.—Where the petition for the writ of mandate does not show that any interest was provided for in the judgment rendered against the school district, it is not the office of the writ of mandate to determine whether the obligation rests upon the district to pay interest thereupon.   It can go no farther than to compel the board to issue a requisition for the exact amount of the judgment.

APPEAL from a judgment of the Superior Court of San Joaquin County.   George F. Buck, Judge.

The facts are stated in the opinion.

A. H. Carpenter, for Appellant.

The judgment for costs was *res judicata,* and the question of the propriety of the judgment cannot be urged as a defense to the writ of mandate. (*Alden* v. *Alameda County,* 43 Cal. 270; *Johnson* v. *Supervisors,* 65 Cal. 482; *Chicago* v. *Sansum,* 87 Ill. 182; *United States* v. *New Orleans,* 98 U. S. 395; *Sherman* v. *Langham,* 92 Tex. 13; *United States* v. *Board of Auditors,* 28 Fed. 410.)   A school district may be sued (Pol. Code, sec. 1575), and it is necessarily liable for costs, if recovery is had.   (Civ. Code, sec. 353; Code Civ. Proc., sec. 1022.)

C. W. Norton, for Respondents.

A school district is a state agency, and liability for costs cannot be imposed upon it under a general statute without express enactment. (*Mayrhofer* v. *Board of Education,* 89 Cal. 112; *Skelly* v. *School Dist.,* 103 Cal. 656; *Witter* v. *Mission School Dist.,* 121 Cal. 351;[1] *Whittaker* v. *County of Tuolumne,* 96 Cal. 100; *United States* v. *Hoar,* 3 Mass. 314.) A board of education cannot divert the school fund to any purpose other than for support of the schools. (Const., art. IX, sec. 6; Pol. Code, secs. 1617-1623; *Barry* v. *Goad,* 89 Cal. 218.) *Mandamus* only lies to compel an act which the law especially enjoins. Interest cannot be allowed. (*Barber* v. *Mulford,* 117 Cal. 360.)

GRAY, C.—In a suit originally commenced in the justice's court for $299, and afterwards appealed to the superior court, the appellant obtained judgment in the latter court against the Fair Oaks School District in San Joaquin County for fifty-five dollars and costs taxed at $134.50. The trustees of said school district offered to pay the fifty-five dollars, but refused to pay the costs. This action is brought to obtain a writ of mandate compelling the trustees of said district to issue to appellant the proper order or requisition upon the county superintendent of schools of said county for the entire amount of said judgment and legal interest thereon. After a hearing the court denied appellant's petition, and the latter appeals from the judgment.

We think the petition should have been granted. Respondents seem to concede that the judgment for the fifty-five dollars was valid. They contend, however, that the court had no jurisdiction or power to award costs against a school district. We do not think, however, that the case presents a question of jurisdiction. Whether or not the superior court should have taxed the costs against the school district was a question of law necessarily involved in the original case, and there can be no doubt that it was within the jurisdiction of the superior court to decide that question. The case having been appealed from the justice's court, the decision of the superior court was final. It cannot be reviewed on appeal, for there is no further appeal allowed. Nor will a review be

---

[1] 66 Am. St. Rep. 33.

permitted upon this application for a writ of mandate. The writ of mandate is "issued by any court, except a justice's or police court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., sec. 1085.) There is nothing in this provision to indicate that the defendants can avail themselves of the position which they now occupy to review the decision of the court in the original action upon the questions of law which do not involve the jurisdiction or power of the court to act in the matter. If the court had determined in the original action that the costs could not be assessed against the district, the respondents would not now be contending that the court had no jurisdiction to so decide. If it did have jurisdiction to decide the matter either way, it had equal jurisdiction to decide it the other way. Jurisdiction in cases of this character implies the power of the court to decide a question wrong as well as right. It is therefore not necessary for us here to determine whether the costs should have been assessed against the district or not. This is a collateral attack upon the judgment in the original case, and we can go no farther here than to determine whether the judgment is void or not. The court having acquired jurisdiction of the subject-matter and of the parties, its judgment is not void for a mere erroneous decision of a question of law, however important that question may be. The judgment having been rendered by a court of competent and final jurisdiction, it fixes the liability of the district, and from this arises the duty in the board of trustees to issue to appellant the necessary requisition to satisfy the original judgment.

As to the matter of interest, it does not appear from the petition herein that any interest was provided for in the judgment entered in the original suit. *Mandamus* does not lie to enforce the obligation of contracts, but only to enforce the performance of an act which the law specially enjoins. In this case it can go no farther than to compel the board to issue its requisition for the exact amount of the judgment. It cannot determine whether the obligation rests upon the district to pay interest upon the judgment, for such is not the office of the writ of mandate. (*Barber* v. *Mulford*, 117 Cal. 356.)

We advise that the judgment be reversed, with directions to the court below to issue the writ in accordance with the foregoing opinion.

Harrison, C., and Cooper, C., concurred.

For the reason given in the foregoing opinion the judgment is reversed, with directions to the court below to issue the writ in accordance with the foregoing opinion.

Henshaw, J., McFarland, J., Lorigan, J.