[Civ. No. 3395.   First Appellate District, Division One.—August 26, 1920.]

## MARIN WATER AND POWER COMPANY (a Corporation), Appellant, v. TOWN OF SAUSALITO (a Municipal Corporation), Respondent.

[1] Municipal Corporations—Ownership of Waterworks and System—Liability to Execution.—A municipal corporation owning and operating its own waterworks and system for supplying itself and its inhabitants with water under the powers conferred upon it by the constitution and by the Municipal Corporations Act, under which it is organized, cannot have its waterworks and system seized and taken from it under a writ of execution, at the instance of a judgment creditor, and be thus deprived of the right which it thus possesses and exercises to supply its inhabitants with water.

[2] Id. — Right to Distribute Water — Sale as Franchise. — The right which a municipal corporation possesses to distribute the water derived from its waterworks by means of its distributing system to its customers, the water users of said town and its vicinity, and to make charges therefor, does not constitute a franchise, such as may be seized and sold under sections 388 and 389 of the Civil Code.

[3] Id.—Status of Municipality.—A city is never other than a public corporation, whether exercising its governmental powers or other powers, in the operation of public utilities, or acting in the quiescent state of a property owner.  (Opinion of supreme court on denial of hearing.)

[4] Id.—Ownership of Property—When Subject to Execution.—The property which a municipal corporation holds for the purpose of exercising its governmental powers or for the purpose of exercising its constitutional power to operate waterworks to supply its inhabitants with water or other like public purposes is not subject to execution; but property which it holds merely as a proprietor, devoting it to no use of a public character, such as lands acquired or held for other than public purposes and not in trust for public use, are subject to execution unless some statutory or constitutional provision forbids it.  (Opinion of supreme court on denial of hearing.)

APPEAL from an order of the Superior Court of Marin County recalling and quashing certain writs of execution and the levies made thereunder.  Edgar T. Zook, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond for Appellant.

O. F. Meldon for Respondent.

RICHARDS, J.—This is an appeal from an order of the trial court recalling and quashing certain writs of execution and the levies made thereunder which had been caused to be issued by the plaintiff upon a money judgment obtained by it against the town of Sausalito, a municipal corporation, and which under the plaintiff's direction the sheriff had undertaken to levy upon the plant and waterworks owned and operated by the defendant as such municipal corporation for the purpose of supplying water to the town and people of Sausalito, and also upon the so-called franchise of the said defendant to use the streets and highways of such town for such purpose, and to sell such water to the inhabitants of Sausalito and its vicinity and to charge and collect tolls therefor.

The sole question presented upon the hearing of this matter in the trial court and upon this appeal is as to whether the municipally owned waterworks of said defendant and its so-called franchise for supplying water to its people can be made the subject of levy and sale upon execution issued on a money judgment obtained against said municipality. The trial court determined this contention adversely to the plaintiff, and we are asked to reverse its order made in that regard upon this appeal.

In support of its contention the appellant urges that in undertaking to acquire and operate a municipal waterworks system the town of Sausalito is undertaking to act not in a governmental but in a proprietary capacity; and that since it is so engaged in acting it stands in respect to its liability for its debts, and also in respect to the means for the enforcement of such liability, in the same position as a private corporation would stand if engaged in a similar enterprise. In making this contention the appellant strongly relies on the cases of *Davoust* v. *City of Alameda,* 149 Cal. 70, [9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536, 84 Pac. 760], *South Pasadena* v. *Pasadena Land Co.,* 152 Cal. 593, [93 Pac. 490], and *Marin Water & Power Co.* v. *Town of Sausalito,*

168 Cal. 587, [143 Pac. 767]. It may not be denied that in each of these cases and in respect to the questions presented for determination therein the supreme court has committed itself to the proposition that in administering such a public utility as a water system a municipality is engaged in the exercise of proprietary rather than governmental powers, and, hence, that it may become liable in damages, for example, for injuries caused through the negligence of its servants in the operation of such a utility, when it would not otherwise be responsible for the acts of its servants while occupied in the administration of governmental powers. We are constrained, therefore, to accept the distinction which the supreme court has thus made between the governmental and proprietary functions of municipalities; although in doing so we are disposed to give our approval to that portion of the concurring opinion of Mr. Justice Shaw in the case of *Davoust* v. *City of Alameda, supra,* in which such a distinction is declared to be wholly fictitious, and apt to produce embarrassing consequences if extended and applied to other cases than those then before that court. We also desire to approve and adopt the language of Mr. Justice Shaw in the case of *City of Pasadena* v. *Railroad Commission,* 183 Cal. 526, [10 A. L. R. 1425, 192 Pac. 25], wherein the learned justice says: "It is not true that a city is a private corporation when carrying on a municipally owned public utilty. No decision so holds. All the decisions on the subject recognize the fact that a city does not change its character by engaging in such enterprises. The entire course of reasoning in the opinions is founded on the postulate that such city retains its character as a municipal corporation, and the burden of the arguments consists of efforts to find reasons for holding it liable to the same extent as a private corporation engaged in the same service, notwithstanding the fact that the city carries on the business as a municipal corporation. They all assume that such city is as much a municipal corporation with respect to such business functions as it is with regard to the exercise of its purely governmental powers. The distinction does not go to its character as a corporation, but to its liabilities when exercising one class of its powers, as compared to its liabilities in the exercise of its functions as a local governmental agency."

We think the foregoing language may be given pertinent application to the questions presented upon this appeal, since the effect thereof is to determine that a municipality operating a municipally owned water system is not the less a public corporation while engaged in the exercise of its powers. [1] This being true, we are confronted with the question as to whether or not a strictly public or municipal corporation owning and operating its own waterworks and system for supplying itself and its inhabitants with water under the powers conferred upon it by the constitution and by the Municipal Corporations Act (Laws 1883, p. 93), under which it is organized, can have its said waterworks and system seized and taken from it under a writ of execution, and be thus deprived of the right which it thus possesses and exercises to supply its inhabitants with water. We are of the opinion that this cannot be done; that the sections of the code giving creditors of corporations the right to enforce their judgments by means of writs of execution have reference to private and not public corporations, and that a public corporation does not become a private corporation when it undertakes to exercise such proprietary functions as the establishment and operation of such public utilities as waterworks or light works or other activities of a like character. In the case of *People* v. *San Joaquin Agricultural Assn.*, 151 Cal. 797, [91 Pac. 740], it was held that the property of a district agricultural association, while engaged in carrying on the public functions and activities for which it was organized under the laws of the state, could not be taken by means of a writ of execution in the absence of an express statute authorizing such a levy.

In the case of *Tulare Irr. Dist.* v. *Collins*, 154 Cal. 440, [97 Pac. 1124], it was held that an irrigation district organized under the statutes authorizing the formation and conduct of such districts was a public corporation holding and using its property as such for a public use, and that its said property, while so devoted to such use, could not be made the subject of such levy and sale upon execution at the instance of a private creditor.

To like effect is *Denicke* v. *Santa Clara Agr. Assn.*, 9 Cal. App. 228, [98 Pac. 687].

We are satisfied that a like reasoning is to be applied to the facts of the case at bar. The town of Sausalito, as a

public corporation, is engaged through its waterworks and system in administering a public use under the express authority of the constitution and of the Municipal Corporations Act under which it was organized. To permit a private creditor of such public corporation to levy an execution upon its said property while so devoted to public use would be in effect to permit such private creditor by such means to nullify the provisions of the constitution which invest it with such powers, and terms of the Municipal Corporations Act by virtue of which it is undertaking to exercise the same.

[2] It is further contended by the appellant herein that the right which the defendant as a municipal corporation possesses to distribute the water derived from its waterworks by means of its distributing system to its customers, the water users of said town and its vicinity, and to make charges therefor, is a franchise, which may be seized and sold under execution under sections 388 and 389 of the Civil Code. While it may be conceded that the grant to a private corporation of the right to exercise such functions as that of supplying water to a body of customers for a consideration in the way of tolls would be a franchise under the accepted definition of that term, we do not think such definition is to be extended to similar powers and activities when the same are being exercised by a public corporation by virtue of the powers possessed by it under the constitution and laws of the state. It is true that in one of the cases from which excerpts were quoted in the case of *Davoust* v. *City of Alameda,* 149 Cal. 70, [9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536, 84 Pac. 760], similar proprietary functions of a municipality were referred to as a franchise; but we do not understand that the supreme court of this state became thus committed to such an extended definition of that term. Nor do we think it can be rightly extended to such powers and functions when exercised by a public corporation within the domain of its sovereignty and under the authority and powers with which it is invested as such public corporation by the constitution and laws of the state. Neither do we think that sections 388 and 389 of the Civil Code can be held to have application to such public uses, for the reason that to permit the right of a city or town to deliver water or light, or any like commodity to its in-

habitants, to be made the subject of sale under execution at the instance of a private creditor would be to not only interfere and destroy its exercise of this public use, but would amount to its transfer through such sale to private persons, contrary to the constitution and legislative intent by which such corporations were invested with the powers to establish municipal waterworks and similar public utilities and to serve their people with these commodities. It seems clear that these rights of the municipality, whether properly designated as a franchise or not, cannot be made the subject of a sale.

For the foregoing reasons we are of the opinion that the order should be affirmed, and it is so ordered.

Waste, P. J., and Welch, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 25, 1920, and the following opinion then rendered thereon:

THE COURT.—In denying a rehearing in this case we think it proper to say that we do not entirely approve the reasoning of the opinion of the district court. [3] A city is never other than a public corporation, whether exercising its governmental powers or other powers, in the operation of public utilities, or acting in the quiescent state of a property owner. The fact that it is a public corporation does not determine the question whether or not its property is subject to execution. [4] The true rule is that the property which it holds for the purpose of exercising its governmental powers or for the purpose of exercising its constitutional power to operate waterworks to supply its inhabitants with water or other like public purposes is not subject to execution, the reason being that to subject it to sale would interfere with the exercise by the city of some of the powers for which it was organized. On the other hand, property which it holds merely as a proprietor, devoting it to no use of a public character, such as lands acquired or held for other than public purposes and not in trust for public use, are subject to execution unless some statutory or constitutional provision forbids it. (*Holladay* v. *Frisbie*, 15 Cal.

630; *Wheeler* v. *Miller*, 16 Cal. 124.) The property here proposed to be taken in execution was used for public purposes and was necessary therefor, and hence it comes within the classes first described.