[L. A. No. 6145. In Bank.—April 2, 1921.]

## JOHN ENGEBRETSON, Appellant, v. THE CITY OF SAN DIEGO, Respondent.

[1] MUNICIPAL CORPORATIONS—CONTRACTS FOR STREET IMPROVEMENT— INTEREST—REMEDIES.—In order to recover interest against a municipality there must be some statutory provision authorizing it, and installments of the contract price under contracts with a municipality for the improvement of one of its streets do not bear interest from the date on which they were audited and ordered paid by the common council, and the remedy of the claimant to avoid delay in payment is by *mandamus* to compel the auditor to issue his warrants and thus secure payment.

[2] ID.—APPROVAL OF CLAIM BY COMMON COUNCIL—RIGHT TO SUE ON CLAIM.—The approval by the common council of the city of a claim for money due on contracts for street improvements does not preclude the claimant from maintaining an action against the city upon the claim for the amount due, where the claimant has failed to secure payment solely by reason of the unauthorized refusal of the auditor to issue proper warrants.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

Haines & Haines for Appellant.

T. B. Cosgrove, M. R. Thorp, Arthur F. H. Wright and S. J. Higgins for Respondent.

WILBUR, J.—The plaintiff on August 22, 1917, entered into two contracts with the city of San Diego for the improvement of a portion of the Linda Vista road. The work was to commence within five days and to be completed within two hundred days. The contracts provided that the city should pay for one-half of the work and this provision was in pursuance of section 26 of the Vrooman Act, Statutes of 1889, page 170. The time for the completion of the work was extended to July 8, 1918, on which date the work was completed. On July 29, 1918, the common council of the city of San Diego authorized the payment from the general fund of the completion payment amounting to $29,086.74;

$24,366.61 has been paid of this amount, and further install-ment of the contract price due thirty-five days after com-pletion amounted to $19,212.95. The common council by resolution adopted August 30, 1918, authorized payment thereof out of the general fund of said city. On August 20, 1918, plaintiff filed his claim with the secretary of the audit-ing committee of said defendant for the balance due thereon with interest at seven per cent from July 8, 1918, on $29,086.74, less partial payments and interest on such pay-ments and for $19,212.95, with interest from and after Au-gust 13, 1918, at the rate of seven per cent per annum. On July 8, 1918, there were unappropriated revenues of the city of San Diego, provided for the fiscal year 1918 and the fiscal year 1917 and previous years, more than sufficient to pay said amounts at that date unpaid upon said contracts; that on July 29, 1918, plaintiff applied at the office of the auditor of the defendant city for the proper printed blank upon which to make his verified claim for the amount speci-fied in the resolution of the common council. The auditor refused to comply with the request upon the ground that the plaintiff was required to look solely to the revenues of the year 1917 not otherwise appropriated for payment of his claim and on the ground that there were no sufficient funds derived from delinquent taxes for 1917 in the said city treas-ury to meet said claim. Thereupon the contractor made a written demand upon the common council for payment and the city attorney rendered an opinion sustaining the posi-tion of the auditor and holding that plaintiff was not entitled to interest upon his claim. On November 20, 1918, plaintiff filed a duly verified claim for all amounts unpaid, together with interest thereon at the rate of seven per cent per annum from the respective dates when said amounts fell due under the terms of the contract. The foregoing facts are alleged in the complaint filed by the plaintiff herein November 30, 1918, and in amendments thereto filed February 17, 1919. Plaintiff filed a supplemental complaint January 8, 1919, al-leging the payment of an additional sum upon the comple-tion payment due plaintiff under the contract, and that on December 24, 1918, the defendant tendered plaintiff the amount of the payment due thirty-five days after completion, to wit, $19,212.95. The demurrer of the defendant to the complaint was sustained and judgment thereon rendered and

plaintiff appeals. The respondent concedes that the plaintiff is entitled to the payment of the amounts due under the contracts without interest, but claims that the remedy for recovery thereof, in view of the allowance of the claim by the common council of San Diego is by *mandamus* directed to the auditor and treasurer and that neither in this case nor in a *mandamus* proceeding is the plaintiff entitled to recover interest. While the plaintiff demanded judgment for interest from the date when the payments under the contracts were due, namely, July 8th and August 12th, in his brief he claims interest on the completion payment of $29,086.74 from the date of the resolution of the common council authorizing the payment of said amounts from the general fund and upon the sum of $19,212.95, the thirty-five day payment, from August 30, 1918, the date of the resolution of the common council authorizing this payment from the general fund. The respondent contends that the city is not liable for interest; that when the common council authorized the payment of the moneys due the plaintiff it was the duty of the auditor to make such payment and that the city cannot be compelled to pay interest because of the default of the auditor in failing to perform his duty.

In *Higgins* v. *City of San Diego,* 118 Cal. 524, [50 Pac. 670], it was sought to recover money due under a contract where the validity of the contract was attacked as violating section 18 of article XI of the constitution, as being in excess of the revenue provided for the fiscal year in which the contract was executed. The court held that the contract was valid, but that the moneys due thereunder could only be paid from the revenues of the respective years in which the obligation accrued and originally directed a judgment in that form. On rehearing, however, which was ordered principally on the question as to the proper form of judgment, it was determined that the water company should have "an ordinary general judgment for whatever amount shall be found due it, without any direction as to the revenues out of which the judgment shall be satisfied." The reason for this determination is thus expressed by the court: "Future provision might be made for the payment of a debt, although there might be no revenues of the fiscal year in which the debt was incurred out of which it could be satisfied—as, for instance, by the adoption by the people of a proposal to pay

it, or by other methods that might possibly be suggested; and a direction in a judgment that it should be paid only out of the revenues of a certain year might be held to preclude its payment in any other way. Merely putting a demand in the form of a general judgment would not in any way take it out of the general rule that the ordinary revenues of a future year cannot be applied to the payment of a liability in a previous year, as held in *Smith* v. *Broderick,* 107 Cal. 644, [48 Am. St. Rep. 167, 40 Pac. 1033]. We think, therefore, that in a case like the one at bar, there should be a general judgment in the usual form without any direction as to the method of its payment." (See, also, *Arthur* v. *Petaluma,* 175 Cal. 216, 221, [165 Pac. 698].)

It is evident, then, that this action is not adapted to determine the question at issue between the auditor of the city of San Diego and the plaintiff, for the appropriate judgment herein would be for the amount of plaintiff's claim and the question of whether or not there were funds to pay the claim would be still undetermined. The only effect of the judgment would be to determine that the plaintiff had a valid claim against the city for the amount of the judgment. (*Arthur* v. *Petaluma, supra; Metropolitan Life Ins. Co.* v. *Rolph,* 184 Cal. 557, [194 Pac. 1005].) The appellant recognizes *mandamus* as an appropriate remedy, but points out that in such an action no interest could be allowed plaintiff as claimed (*Barber* v. *Mulford,* 117 Cal. 356, 360, [49 Pac. 206]; *Howe* v. *Southrey,* 144 Cal. 767, 769, [78 Pac. 259]; *Hewel* v. *Hogin,* 3 Cal. App. 248, 255, [84 Pac. 1002]), and for that reason claims that *mandamus* is not an adequate remedy. Appellant claims that this case is differentiated from *Higgins* v. *City of San Diego, supra,* by reason of the fact that the complaint is framed for the very purpose of submitting the constitutional questions for judicial determination and says: "For this reason the substance of the contracts and the date of the completion and acceptance of the work was pleaded, and the allegation of paragraph IX of the complaint, relating to the sufficiency of the revenue, was made." But the prayer of the complaint was for a general judgment for the full amount of plaintiff's claims with interest, and does not pray that said judgment should be paid from the revenue of the years 1917 and 1918.

The questions thus presented for consideration are: First, Does the approval by the common council of the city of San Diego of plaintiff's claim preclude the plaintiff from maintaining an action against the city upon the claim for the amount due, where the plaintiff has failed to secure payment solely by reason of the unauthorized refusal of the auditor to issue proper warrants? Second, Does the approval of plaintiff's claim by the common council entitle the plaintiff to recover interest from the date of such approval?

The appellate court held that the sole remedy of the plaintiff was *mandamus*. We will, however, consider the question of interest first.

[1] In order to recover interest against a municipality there must be some statutory provision authorizing it. The rule is thus stated in Ruling Case Law (15 R. C. L., sec. 14, p. 17): "It is well settled, both on principle and authority, that a state cannot be held to the payment of interest on its debts unless bound by an act of the legislature or by a lawful contract of its executive officers made within the scope of their duly constituted authority. This principle applies to bonds, *claims,* judgments and *warrants.* The theory upon which the rule is based is that whenever interest is allowed either by statute or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor. But delay or default cannot be attributed to the government. It is presumed to be always ready to pay what it owes. The apparently favored position of the government in this respect has been declared to be demanded by public policy." (Italics ours.) The same reasons apply with equal force to a municipal corporation, although the authorities are not uniform on this subject. (15 R. C. L., sec. 15, p. 18.)

Appellant relies upon sections 1915 and 1917 of the Civil Code to establish his right to recover interest, but in *Savings etc. Society* v. *San Francisco,* 131 Cal. 356, 363, [63 Pac. 665], it was held that these sections do not apply to the state or any of its subdivisions. The court there stated: "The code sections cited relate to interest as compensation or damage between parties to an action, and the language of the statute is general and does not include the state or any of its political subdivisions. The state is not bound by gen-

eral words of a statute which would operate to establish a right of action against it. (*Mayrhofer* v. *Board of Education*, 89 Cal. 110, [23 Am. St. Rep. 451, 26 Pac. 646] ; *Whittaker* v. *County of Tuolumne*, 96 Cal. 100, [30 Pac. 1016].) The action here is brought under a new section of the Political Code—3819—in which no provision is made for the payment of interest. (Stats. 1895, p. 335.)''

This case was followed in *Columbia Sav. Bank* v. *Los Angeles*, 137 Cal. 467, 471, [70 Pac. 308], in *Miller* v. *Kern Co.*, 150 Cal. 797, [90 Pac. 119], and in *Spencer* v. *Los Angeles*, 180 Cal. 103, 115, [179 Pac. 163]. In the first two cases the actions were under section 3819 of the Political Code to recover money upon void assessments, and in the latter to recover moneys paid to the city of Los Angeles upon void assessments for the opening of a street. Section 26 of the Vrooman Act, Statutes of 1891, page 206, under which the city undertook to pay plaintiff for the work done under his contracts, makes no provision whatever for the payment of interest to a contractor by a municipality. That act does provide for the payment of ten per cent interest for that portion of the contract price assessed upon the lots benefiting by the work done, from and after the return of the warrant after demand, if then unpaid (sec. 10, Vrooman Act, Stats. 1913, p. 407), nor is there any provision in the charter of San Diego for the payment of interest upon such claims.

Appellant contends that his claim bears interest from the day it was audited and ordered paid by the common council.

We have only to consider the method of auditing and paying accounts of a city to observe how difficult of application the rule contended for by the appellant would be. There would always be an interval between the date of the approval of claims by the common council and the date of the drawing and issuance of the warrant by the auditor. This delay may result because of the time necessary to prepare the many warrants drawn by the auditor, or, it may result from the delay of the claimant or from the determination of the auditor that the city is not liable for the indebtedness. The auditor of the city of San Diego is charged with the duty of determining, before issuing a warrant, whether or not the contracts for the performance of which the warrants are demanded create obligations in excess of the revenues properly applicable to their payment, and, if

for that reason they are void, to refuse to issue such warrants, failing in which duty the auditor and his bondsmen are "jointly, severally, and personally responsible and liable for any damage resulting to the city on account of any illegal or fraudulent claim for which a warrant may be issued." (Charter of San Diego, art. VI, c. 2, sec. 7.) The auditor as well as the common council is directly chargeable with the responsibility of determining whether or not a claim against the city is valid. Article II, chapter 2, section 15, provides as follows: "Neither the Common Council, nor any officer, Board, department, or authority shall allow, make valid, or in any manner recognize any demand against the city which was not at the time of its creation a valid claim against the same, nor shall they or any of them, ever allow or authorize to be paid any demand which, without such action, would be invalid, or which shall then be barred by any statute of limitation, or for which said city was never liable." The charter makes the same provisions as the constitution of the state with reference to the contracting of debts and liabilities in excess of revenues and that "all officers of said city are charged with notice of the condition of the city treasury, and extent of the claims against the same." (Art. VI, c. 2, sec. 12.) Article X, section 9, would make both auditor and treasurer liable upon their official bond for the payment of an invalid claim. This section is as follows: "Every officer who shall approve, allow or pay any demand on the treasury not authorized by law, ordinance, or this charter, shall be liable to the city individually, and on his official bond, for the amount of the demand so illegally approved, allowed or paid."

Under these provisions of the charter the approval of the auditor is not only essential to the securing of payment from the treasury, but the auditor is not only bound by the determination of the common council as to the validity of the claim, but he is specially charged with the duty of passing upon that question; as is also the treasurer. It follows that the appellant is in error in claiming that the amount due from the city is conclusively established by the action of the common council. Nor can it be said that the money due from the city to the claimant is "due on any settlement of account, from the day on which the balance is ascertained" within the meaning of section 1917 of the Civil Code, for

the balance is not effectively ascertained nor the account set-tled until acted upon by both auditor and treasurer. Al-though these sections as we have said have no application to a municipality, it may be further observed that if interest began on all accounts when they are audited by the common council, the delay of the claimant in applying for his war-rant or payment thereof would entitle him to recover seven per cent interest during the period of such delay, a fact which alone indicates the inapplicability of these sections to municipalities or governmental agencies where the debtor cannot tender payment to the creditor, but can only pay in the manner and form provided by law, and is presumed to be always ready and able to do so. (15 R. C. L., sec. 14, *supra.*)

We conclude, therefore, that the plaintiff is not entitled to recover interest and that his remedy to avoid delay was by *mandamus* to compel the auditor to issue the warrants and thus secure payment.

[2] It remains for us to determine whether or not, hav-ing failed to do so, he is entitled to any relief in this action. It is clear from the complaint that the plaintiff is entitled to the principal amount claimed. The money is due to him and has not been paid. This is admitted by the demurrer. There seems to be no good reason why he should not have judgment for the principal amount claimed, notwithstanding the fact that the claim has already been favorably passed upon by the common council, and that a judgment has no additional force except to conclusively establish the validity of the contract and of the indebtedness against the city and all its officers.

The judgment would bear interest from its date (*Spencer* v. *Los Angeles, supra*) and thus secure the plaintiff in his interest pending an appeal, in the event of a favorable deci-sion in the lower court, and thus be more advantageous to the claimant than a *mandamus* suit where the validity of the indebtedness is in issue rather than the availability of funds to meet a valid claim. (*Higgins* v. *San Diego, supra.*)

It seems a curious disposition of a case, where a creditor sues a debtor to recover on an acknowledged indebtedness, to deny him any relief on the ground that the debtor, or its board of directors, or its common council has admitted the claim of the creditor to be a just and valid one, even if it

be found that the creditor has another remedy to secure payment of such indebtedness.

The Code of Civil Procedure declares that "In all cases other than those mentioned in the last two sections [581, 581a], judgment must be rendered on the merits." (Code Civ. Proc., sec. 582.)   Sections 581 and 581a of the Code of Civil Procedure, referred to, provide for a dismissal of the action, or the granting of a nonsuit, and do not include a case such as the one at bar.   The trial court upon sustaining the demurrer to the amended complaint, rendered a judgment "that the complaint, as so amended, be, and the same is, hereby dismissed," and awarded costs to the city.   This is either not a judgment on the merits as required by section 582, *supra*, where the plaintiff alleged and the defendants admit an indebtedness of nearly fifty thousand dollars, or it is a judgment on the merits which would bar the plaintiff from recovering his claim by a subsequent *mandamus;* in either event it is erroneous.

Judgment reversed and the court directed to overrule the demurrer to the complaint.

Shaw, J., Olney, J., Lennon, J., and Lawlor, J., concurred.

ANGELLOTTI, C. J., Dissenting.—I dissent from the judgment of reversal.   To my mind, in view of our conclusion on the question of plaintiff's right to interest, in which I entirely concur, the complaint did not state a cause of action against the city of San Diego.   I think that upon the facts alleged plaintiff's sole remedy for the collection of his claim which had been duly allowed by the council of the city was by mandate against the auditor, as was decided by the district court of appeal of the first appellate district, division one.

Sloane, J., concurred.