[S. F. No. 9938. In Bank.—March 29, 1922.]

JAMES F. SHEEHAN, Respondent, v. BOARD OF POLICE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO, etc., et al., Appellants.

[1] APPEAL—MOTION TO DISMISS—CERTIORARI—MANDAMUS.—In a proceeding for a writ of review to annul an order of the board of police commissioners of San Francisco attempting to dismiss the petitioner from the police department and a proceeding in *mandamus* to compel his restoration and reinstatement as a disabled and retired police officer and compel the issuance of a warrant for payment of his accrued and accruing pensions, a motion to dismiss an appeal from an order made after an affirmance on appeal of the original order of the trial court directing the issuance of a peremptory writ, and from an order denying a motion to vacate the order for the issuance of the writ, cannot be maintained upon the ground that the order directing the issuance of the writ was unnecessary, the order having been made *ex parte* upon the application of the respondent and the question as to the propriety of the order requiring the clerk to include interest upon the amount of the petitioner's claim being one to be considered upon the merits of the appeal.

[2] ID.—MANDAMUS—INTEREST.—The adjudication in such *mandamus* proceeding is not such a judgment as will bear interest from the date of its entry.

[3] MUNICIPAL CORPORATIONS — BOARD OF POLICE COMMISSIONERS — CAPACITY.—The board of police commissioners of the city and county of San Francisco, whether acting directly as such or acting *ex officio* as a board of police relief and pension fund commissioners, is a mere agency of the municipality for the dispensation of certain of its funds in the custody of its treasurer, and said board has no separate existence and is incapable of either suing or being sued, except as it may be required as an official body by *mandamus* to perform its official duties, or except as its official action may be compelled or enjoined in some other special proceeding.

[4] MANDAMUS—NATURE OF PROCEEDING.—The writ of *mandamus* in this state is an independent proceeding having for its purpose the compulsion of an act which the law specially enjoins as a duty resulting from an office, trust, or station. It has none of the characteristics or functions of a civil action for the collection of a debt.

APPEALS from an order of the Superior Court of the City and County of San Francisco directing the issuance of a Writ of Mandate and from an order denying a motion to vacate an order directing the issuance of a Writ of Mandate. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Charles S. Peery, Assistant City Attorney, for Appellants.

Charles J. Heggerty and Knight & Heggerty for Respondent.

THE COURT.—The proceedings out of which the present appeal arose had their inception in two certain special proceedings instituted by the respondent herein in the superior court of the city and county of San Francisco against the board of police commissioners of said municipality, by which, in the first of said proceedings, he sought by a writ of review to have certain orders of said board, wherein he was attempted to be dismissed from the police department thereof, reviewed and annulled; and by the second of which proceedings he sought by writ of mandate to compel his restoration and reinstatement as a disabled and retired police officer, and also to compel the issuance of a warrant by said board for the payment of his accrued and accruing pensions as such disabled and retired officer. These two proceedings were consolidated by the trial court which, upon the hearing thereon, upheld the contention of the petitioner in both of said proceedings, reviewing and annulling the said orders dismissing him from the police department, adjudging that he was entitled to have and receive his accrued and accruing pensions as such disabled and retired police officer, establishing the aggregate amount of his already accrued pensions up to the time of the rendition of its decision to be $4,600, and directing a writ of mandate to issue against the said board of police commissioners, acting *ex officio* as a board of police relief and pension fund commissioners, and ordering said board in that capacity to issue a warrant for said sum drawn upon the auditor and treasurer of said municipality.

From the orders of said court, directing the issuance of these respective writs, appeals were taken to the district court of appeal for the first district, upon the hearing of which the said orders were respectively affirmed. The history of said proceedings and of said appeals up to the time of their said affirmance is quite fully and accurately set forth in *Sheehan* v. *Board of Police Commrs., etc., et al.,* 47 Cal. App. 29 [190 Pac. 51]. Upon the going down of the *remittiturs* in each of said appeals, the petitioner and respondent therein applied *ex parte* to the court in which said proceedings had been initiated for an order directing the clerk of said court to issue a peremptory writ of mandate requiring the said board of police commissioners, in their said capacity as *ex officio* the board of police relief and pension fund commissioners, to issue a warrant to the petitioner for the payment of said sum of $4,600, "the amount of the pension due and unpaid to the petitioner from the first day of January, 1904, to the first day of September, 1911, together with legal interest on said $4,600 from September 1, 1911, to July 1, 1920, at the rate of seven per cent per annum; and also for the further sum of $600 per annum payable and unpaid to petitioner for his pension from September 1, 1911, to July 1, 1920, together with legal interest at seven per cent per annum thereon from the end of each year, viz., from September 1, 1912, on said sum of $600 per annum from the time the same became due and payable up to July 1, 1920; and also for the sum of $209.75, the amount of petitioner's costs herein." An order was made pursuant to said applications and in the above language thereof, and a peremptory writ of mandate issued in accordance with said order and in the terms thereof, as above quoted, on July 2, 1920. Thereafter, and on July 21, 1920, the defendants, board of police commissioners, gave notice of a motion to set aside said order and to quash and to recall said writ, which motion coming on for hearing on August 6, 1920, was by the trial court denied, whereupon the present appeal was taken by said defendants from the order of July 2, 1920, directing the issuance of said peremptory writ of mandate, and also from the order made on August 6, 1920, denying said defendant's motion to vacate said former order and refusing to recall and quash the peremp-

tory writ of mandate issued in pursuance of said former order.

Upon the hearing of this appeal, the respondent moved for a dismissal thereof upon several grounds, most of which related to informalities in the defendants' motion to vacate the order for the issuance of said peremptory writ of mandate; and as to these, we do not perceive any merit in them. Nor do we think there is any merit in the chief ground of said motion to dismiss, which is that the order directing the issuance of the peremptory writ was one unnecessary to be made and hence not harmful to the appellants, since it was the duty of the clerk of the trial court, upon the receipt of the *remittitur* showing the affirmance upon appeal of the original order of the trial court directing the issuance of a peremptory writ, to issue said writ without the necessity of any further or later order of the court. [1] The answer to this portion of the respondent's motion to dismiss is twofold, the first being that the respondent, having deemed such further order necessary to the issuance of said writ, as shown by his *ex parte* application therefor, cannot now be heard to urge that the making of said order was unnecessary upon a motion to dismiss the appeal thereon; second, as to that portion of said order which requires the clerk to include interest upon both the amount of the petitioner's claims for his pension accrued prior to September 1, 1912, the date of his original order, and the amount thereof accruing and becoming payable annually after said date, the same question arises, namely, whether the clerk had the right to include said items of interest in the terms of said writ. We think that the order of August 6, 1920, was sufficient in form to cover and deny the appellant's motion to quash and recall said writ, and we also think that the question of the right of the clerk to include said items of interest in said writ, with or without an order of the court to that effect, is embraced within the scope of this appeal upon its merits, and hence that the respondent's motion to dismiss the same should be denied.

[2] The single question thus presented upon this appeal is whether or not the trial court had a right to order interest payable upon the so-called "judgment" in said *mandamus* proceeding establishing the petitioner's status as a

disabled and retired police officer and, as such, entitled to
the pension provided for in chapter X of article VIII of
the San Francisco charter, and ordering the issuance of a
warrant by the board of police commissioners for the
amount of his said accrued and accruing pension. The
respondent contends that the adjudication of the trial court
is such a judgment as would bear interest from the date
of its entry, under the provisions of sections 1915 and 1920
of the Civil Code, and he relies as the basis for his said
insistence upon the express terms and phrasing of said
adjudication wherein the trial court used the following
language: "Now, therefore, it is hereby ordered, adjudged
and decreed that the petitioner have and recover judgment,
and judgment is hereby made and given in favor of the
petitioner and against the respondents as prayed for in
the petition of petitioner . . . and that the petitioner
have and recover and that he be paid and that respondents
pay to petitioner from the police relief and pension fund
of the police department of the city and county of San
Francisco a yearly pension of $600 from and after the
first day of January, 1904, and that there was due and
unpaid from the said police relief and pension fund to the
petitioner on the first day of September, 1911, the sum of
$4,600 . . . and that the petitioner have and recover
and be paid by the respondents from the police relief and
pension fund of the said police department the said sum of
$4,600 together with his costs expended herein." The
trial court further "adjudged and decreed that the peti-
tioner had no speedy or adequate remedy in the ordinary
course of law and that a peremptory writ of mandate
issue out of this court . . . addressed to the respond-
ents directing and requiring that the respondents revoke
and set aside the said finding, action, order and resolu-
tion of January 12, 1904, and that the respondents restore
the petitioner to the pension-roll of the police relief and
pension fund of the police department of the city and
county of San Francisco, and that the petitioner be paid
from the said relief and pension fund a yearly pension of
$600 from and after the first day of January, 1904, and
which pension up to the first day of September, 1911,
amounts and is hereby adjudged to be the sum of $4,600
which it is ordered and adjudged shall be paid by the re-

spondents to the petitioner from the police relief and pension fund of the police department of the city and county of San Francisco.''

If we were to regard the form of this adjudication as decisive of the question before us, it might well be held sufficient as such a judgment as, entered in an appropriate action or proceeding, would come within the terms of sections 1915 and 1920 of the Civil Code; but the question presented herein lies deeper than the face or terms of this adjudication and involves the nature of the proceeding, the parties before the court, the fund from which the petitioner's pension was and is payable, and the powers of the trial court both in the making of such original adjudication and in the issuance of its subsequent order and writ for the enforcement of its terms. It may be conceded at the outset of this discussion that the petitioner and respondent herein has sufficiently established his right to be the recipient of a pension amounting to the sum of $600 a year, dating from the first day of January, 1904, and continuing down to September 1, 1911, and that such pension was payable from the police relief and pension fund collected and maintained by said municipality for the payment of pensions to disabled police officers or, in the event of their death in service, to their relatives; and that such pension to which the petitioner was thus entitled had remained unpaid down to and after the time of the inception of the original proceedings herein by means of which he sought to compel the allowance and payment of his said accumulated pensions. The police relief and pension fund of said municipality is provided for in chapter X of article VIII of the San Francisco charter. By the terms of said chapter, the board of police commissioners of said municipality are constituted *ex officio* a board of police relief and pension fund commissioners and, as such, are made the trustees of said fund. The moneys which supply and maintain the same, derived from various sources, are deposited with the treasurer of the municipality and are paid out by said treasurer to those persons who are entitled thereto upon warrants issued by the said board of police relief and pension fund commissioners and presented to the auditor to be by the latter official audited and ordered paid. The only function which the board of police commissioners,

acting *ex officio* as the board of police relief and pension fund commissioners, have to perform in relation to said fund is that of determining who, among the members of the police department of said municipality, by reason of age, infirmity, or physical disability, are entitled to retirement upon pension, or the relatives of whom, by reason of his death in service, are entitled to receive such pension, and for what length of time the same shall be paid: Having determined these matters, the only further function of said board of police relief and pension fund commissioners is to issue the warrant for the amount of pension to which the pensioner has thus become entitled, and which warrant when issued is to be presented to the auditor for approval and to the treasurer for payment. The petitioner herein, being, as we have seen, entitled to his pension in the sum of $600 per annum from a date not long after his original disability and retirement on account thereof, and his right to such pension having been accordingly fixed and awarded, demanded the issuance of his warrant for the aggregate amount thereof by said board; and this demand being refused, he commenced the original proceedings herein wherein he sought a writ of mandate to compel the issuance of said writ. In so doing, he was acting strictly within the scope and terms of section 1085 of the Code of Civil Procedure, which provides for the issuance of writs of mandate "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." In seeking this appropriate remedy, the petitioner was bound to allege and prove that he was entitled to the said pension and to the aggregate amount thereof then due him and for the payment of which such warrant should issue; but that fact did not give to the proceeding the nature or qualities of a civil action so as to render the adjudication by the court in such special proceedings that the petitioner was entitled to said writ, such a judgment as would be obtainable in a civil action. The petitioner could not, in fact, have obtained such a judgment in said special proceeding, since he would not have been entitled to sue the board of police commissioners in a civil action to recover the amount due him on account of his said pension.

[3] The board of police commissioners, whether acting directly as such or acting *ex officio* as a board of police relief and pension fund commissioners, is a mere agency of the municipality for the dispensation of certain of its funds in the custody of its treasurer. Said board has no separate existence and is incapable of either suing or being sued, except as it may be required as an official body by *mandamus* to perform its official duties, or except as its official action may be compelled or enjoined in some other special proceeding. It was so decided in the case of *Spencer* v. *City of Los Angeles,* 180 Cal. 103–116 [179 Pac. 163], and in that case it was held to be well settled that an action will not lie against the officers or official boards of a municipality to recover money, as, in that case, money paid upon an illegal assessment, unless it appeared that the money was still in the hands of the board or its members at the time such action was begun. (*Spencer* v. *City of Los Angeles, supra; Hartford etc. Co.* v. *Jordan,* 168 Cal. 270 [142 Pac. 839]; *Craig* v. *Boone,* 146 Cal. 718 [81 Pac. 22].) In the instant case none of the money belonging to said pension fund was at any time in the hands or under the control of the board of police commissioners, either directly or in their said *ex-officio* capacity, their only function in regard to such pensions, when allowed, being, as we have seen, that of issuing warrants for the amount thereof for presentation to and approval by the auditor and for payment upon his order by the treasurer, who is the official custodian of said pension fund. This being so, the sole purpose for which the petitioner could institute, and, in fact, did institute, his *mandamus* proceedings was that of procuring an adjudication of his right to a writ of mandate directing said board to perform its official duty by the issuance of a warrant for his unpaid pension. It was not, and could not be, the procurement of a money judgment either against said board of police commissioners or against said municipality, since the procurement of such a judgment was not within the scope and purposes of such a proceeding.

We are reinforced in this conclusion by the uniform current of authority in this state as to the scope and functions of writs of mandate. In the early case of *Davis* v. *Porter,* 66 Cal. 658 [6 Pac. 746], the proceeding was one in *mandamus* to compel the treasurer of the city of Sacramento to

pay certain coupons on bonds issued by said city, and it was attempted in said proceeding to have it adjudicated that the payee of such bonds was entitled to interest upon such of said coupons as were not paid at maturity. The court held that such a question could not be adjudicated in that form of proceeding, saying: "It may be conceded that the plaintiff is entitled to have the interest on his coupons not paid at maturity, of the city of Sacramento. But in this proceeding it cannot be allowed, for the reasons above given. This is not an action brought upon the coupons, to recover the amount due on them, and interest on such amount. Nor is it an application to have the proper authorities of the city of Sacramento levy a tax for such purpose. But it is an application to compel the performance of an act especially enjoined by law, and resulting as a duty from the office and station of respondent. We have pointed out the limits of the remedy in the foregoing part of this opinion, and, as so limited, such interest on interest cannot be allowed. If the party is entitled to recover such interest, he must resort to some other mode of procedure."

In the case of *Barber* v. *Mulford,* 117 Cal. 356 [49 Pac. 206], the application was in *mandamus* against the board of education of the city of San Diego to compel the issuance of an order upon the county school superintendent for the drawing of a requisition on the county treasurer for the payment of a claim of the petitioner against the school district. It was contended by the petitioner successfully in the trial court that he was entitled in said proceeding to the allowance and award of interest upon his claim from the time of its allowance by the board of education. In refusing to sustain this contention, upon appeal, the court said: "It was error to allow interest in the mandate of the writ. If it be said that interest should be allowed for damages as in ordinary cases for breach of contract, the reply is that *mandamus* does not lie to enforce the obligation of contracts but only the performance of an act which the law specially enjoins, in this instance the issuance to plaintiff of an order for the amount of his audited claim, no more nor less. The judgment should be modified by omitting therefrom the direction for the allowance of interest."

In the case of *Howe* v. *Southrey,* 144 Cal. 767 [78 Pac. 259], the application was for a writ of mandate to compel

the trustees of a school district to issue an order for the payment' of the amount of a judgment which the applicant had obtained against the school district for the sum of $55 and costs amounting to $134.50. The judgment did not provide by its terms for interest thereon, but the applicant insisted that he was entitled to interest upon the judgment under the provisions of sections 1915 and 1920 of the Civil Code. The court said: "As to the matter of interest, it does not appear from the petition herein that, any interest was provided for in the judgment entered in the original suit. *Mandamus* does not lie to enforce the obligation of contracts but only to enforce the performance of an act which the law specially enjoins. In this case it can go no further than to compel the board to issue its requisition for the exact amount of the judgment. It cannot determine whether the obligation rests upon the district to pay interest upon the judgment, for such is not the office of the writ of mandate." (Citing *Barber* v. *Mulford, supra.*)

In the recent case of *Engebretson* v. *City of San Diego,* 185 Cal. 475 [197 Pac. 651], the question of the right of a claimant against a municipality to recover interest upon his claim from and after the date when payment thereon was due took a broader range, since that action was one directly against the city of San Diego to recover upon such claim with interest. The court in that case held that, in the absence of a statutory provision authorizing it, the holder of a claim against a municipality was not entitled to recover interest, even in a direct action against said municipality to recover a judgment upon such claim. In so holding, the court cited with approval the foregoing cases to the effect that in a *mandamus* proceeding interest was not allowable upon a claim against the funds of a city, and stated that the only remedy, if any, for a claimant in case of delay in the auditing and payment of his claim would be by a direct action against the city to recover judgment thereon, which judgment when recovered would bear interest under section 1920 of the Civil Code. This case has a direct bearing, not only upon that portion of the order of the trial court herein which directed the inclusion in the writ of mandate of interest upon the pension claims of the petitioner accrued prior to its original adjudication, but also upon that portion of the order herein appealed

from which directs payment of interest upon the pension claims of the petitioner which have ripened since such original adjudication and as to which no judgment or adjudication of any kind, other than said *ex parte* order and the later order refusing to vacate the same, has ever been had.

The cases cited and relied upon by the respondent are not at variance with the views above expressed. They are, in each instance, cases wherein the judgment relied upon as bearing interest was one obtained in a direct civil action against the municipality or individual owing the debt or directly liable for the amount of the demand. No case of a writ of mandate directing interest to be allowed upon a claim not founded upon such a judgment has been called to our attention. The case of *Fuller* v. *Aylesworth*, 75 Fed. 694 [21 C. C. A. 505], upon which the respondent herein strongly relies, was a case wherein a money judgment had been rendered against a county, adjudging it liable to pay a sum certain to the plaintiff, with a provision for *mandamus* to compel the levy of certain assessments for the payment of such judgment. Judge Taft in that case pointed out "that the writ of *mandamus* in the circuit courts is never an independent suit as it is in many states and in England, but it is only a proceeding ancillary to the judgment which gives the jurisdiction; and, when issued, becomes a substitute for the ordinary process of execution to enforce payment of the same as provided in the contract." [4] The writ of mandate in this state is an independent proceeding having for its purpose the compulsion of an act which the law specially enjoins as a duty resulting from an office, trust, or station. It has none of the characteristics or functions of a civil action for the collection of a debt.

It follows from the foregoing review of the authorities that the petitioner and respondent herein neither had nor could obtain such a money judgment in this *mandamus* proceeding as would bear interest under the provisions of sections 1915 and 1920 of the Civil Code, and hence that the trial court was in error in its *ex parte* order of July 2, 1920, in so far as it undertook to direct the issuance of a writ of mandate to the appellants herein, which should include the allowance of interest upon the aggregate amount of the petitioner's pension due and unpaid prior to Sep-

tember 1, 1911, the date of its original order, from and after said date and up to July 1, 1920; and was also in error in providing therein for the inclusion of interest at the legal rate upon the annual amount of the petitioner's pension to which he had become entitled between September 1, 1911, and July 1, 1920; and was also in error in its refusal to vacate and set aside its said order of July 2, 1920, in so far as the same related to and required the payment of such interest, and in refusing to recall and quash the writ of mandate issued in accordance with said order.

The orders are reversed, and the trial court is hereby directed to recall and quash the writ of mandate issued in conformity therewith in so far as the same directs the drawing of any warrant or warrants for the payment of ' interest upon the petitioner's pension demands.

Shaw, C. J., Wilbur, J., Shurtleff, J., Sloane, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.