[S. F. No. 11780. In Bank.—October 7, 1927.]

UNITED TAXPAYERS COMPANY, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

[1] MUNICIPAL CORPORATIONS — JUDGMENTS — LEVY OF EXECUTION ON PUBLIC PROPERTY—RIGHT OF MUNICIPALITY TO MOVE TO QUASH.— A municipality against which a judgment has been rendered has the right to move to quash a levy of execution on real property which it owned and used for a public jail but which it has either sold or is in the process of selling at the time of the levy of the execution.

[2] ID.—PUBLIC PROPERTY—EXEMPTION FROM EXECUTION.—The property of a municipality which has been acquired by it for public uses and has been in the past devoted to such uses cannot be made the subject of levy and sale under execution for the satisfaction of a judgment obtained by a private creditor against such municipality, at least until it is shown that its devotion to such use has been entirely abandoned.

---

2. See 12 Cal. Jur. 341; 15 Cal. Jur. 994–997; 17 R. C. L. 145.

[3] ID.—TEMPORARY DISUSE OF PROPERTY FOR PUBLIC PURPOSES—EX-
EMPTION—QUASHING EXECUTION.—Where it is shown that property
purchased and used by a municipality for public purposes had
retained its public character notwithstanding its temporary disuse
for a specific public purpose and that the municipality in dispos-
ing of the same did so to apply the proceeds of the sale to another
specific public use, the property is exempt from execution; and
where it appears that the sale was fully consummated before the
date of the issuance and levy of execution on it, the quashing
of the levy should be upheld.

(1) 23 C. J., p. 492, n. 68.   (2) 23 C. J., p. 355, n. 72.

APPEAL from an order of the Superior Court of the
City and County of San Francisco quashing levy of execu-
tion. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph E. Bien and Edwin H. Williams for Appellant.

John J. O'Toole, City Attorney, and Dion R. Holm,
Deputy City Attorney, for Respondent.

RICHARDS, J.—This appeal is from an order made after
final judgment quashing the levy of execution upon the
judgment obtained by the plaintiff against the municipality,
and which execution had been attempted to be levied on
certain real estate of the municipality, which property had,
in other years, been used for the purposes of a public jail,
but which, having ceased to be used for that specific pur-
pose, was, at the time of the levy of the execution, either
in progress of being sold or had been sold by the city to
private persons, such sale having been made for the avowed
purpose expressed in the ordinances of the municipality
referring to such sale of applying the money received
therefrom to another public use.

[1] The appellant's first contention is the purely tech-
nical one that the city and county of San Francisco, having
sold and conveyed all its interest in the real property con-
cerned, was no longer entitled to move to quash the levy
of execution against such property. This contention defeats
itself since, if prior to the levy of the execution the munici-
pality had fully conveyed all its interest in the property

levied upon, the appellant would have no right to impose an execution upon such property in the hands of third persons; and if such were the case it would seem that the municipality would still be bound to protect the title it had thus conveyed and would, therefore, be entitled to move to quash such levy. On the other hand, if the municipality had not completed the transfer of its title to said property at the time of the attempted levy of said writ, it would for that reason be entitled to appear in the action in which such execution had been issued in order to move to quash the levy thereof which, having been made, was impeding its transfer of the property to the purchaser thereof.

[2] The next contention of the appellant is that the property in question, not being at the time of such attempted levy of said writ of execution actually in use for a public purpose, this judgment creditor was entitled to levy an execution upon the property in order to satisfy its judgment against the municipality. It is conceded by the appellant that the property was many years ago acquired by the municipality for a public use, to wit, for the use and occupation as the site of its public jail, and that the property was devoted to such public use up to the time of the destruction of the building thereon in the earthquake and fire of 1906. Thereafter the property had been leased from time to time by the municipality, apparently awaiting such time as the same might be profitably sold and the funds derived from such sale applied to other public uses. We are of the opinion that the property of a municipality which has been acquired by it for public uses and has been in the past devoted to such uses cannot be made the subject of levy and sale under execution for the satisfaction of a judgment obtained by a private creditor against such municipality, at least until it is shown that its devotion to such use has been entirely abandoned. The earlier cases decided by this court wherein writs of execution levied upon property of the municipality were upheld arose out of levies made upon property which had never been impressed with any public use. The more recent case of *Marin Water Co. v. Sausalito*, 49 Cal. App. 79 [193 Pac. 294], wherein a petition for hearing was denied by this court, does not uphold the appellant's contention herein; but, on the contrary, as appears from the opinion of this court in denying said petition, opposes

it by holding that property of a municipality which has been acquired for and impressed with a public use is not subject to levy and sale at the suit of a private creditor. [3] In the instant case it sufficiently appears from the record that the property of the municipality, which was sought to be subjected to the levy of this writ, had retained its public character notwithstanding its temporary disuse for a specific public purpose, and that the municipality in disposing of the same recognized this fact in its official determination to apply the proceeds derived from its sale to another specific public use. But even were it otherwise, it further sufficiently appears from the record herein that the sale by the municipality of this property had been fully consummated before the date of the issuance and levy of said writ of execution, and that for that reason also the order of the trial court in quashing the levy of the writ as against said property should be upheld.

The order is affirmed.

Shenk, J., Curtis, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.