[L. A. No. 16201.   In Bank.—May 24, 1937.]

VENITA R. McPHERSON et al., Respondents, v. CITY OF
LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, James M. Stevens, Deputy City Attorney, Carl A. Davis, Deputy City Attorney, T. B. Cosgrove, Special Counsel, for Appellants.

Thomas Wade Cochran, Chapman & Chapman, Ward Chapman, Anderson & Anderson, William R. Law, William H. Metson, and Athearn, Chandler & Farmer for Respondents.

THOMPSON, J.—This case was transferred to this court after decision by the District Court of Appeal, Second Appellate District, Division One, reversing a judgment that a peremptory writ of mandate should issue to compel the appellants to pay interest on a decree in a condemnation action, tried in the Superior Court in Tuolumne County, fixing the compensation for the condemned property. The District Court of Appeal was of the opinion that the case came within the rule that the writ of mandate cannot be used to require the payment of interest upon a principal sum admittedly due. Reliance was placed upon *Howe* v. *Southrey*, 144 Cal. 767 [78 Pac. 259, and *Sheehan* v. *Board of Police Commrs.*, 188 Cal. 525 [206 Pac. 70].

The appellants cite in support of their contention that the writ of mandate cannot be used to compel the payment of interest upon a judgment which does not by its terms make provision therefor, *Sheehan* v. *Board of Police Commrs.*, *supra; Engebretson* v. *City of San Diego*, 185 Cal. 475 [197 Pac. 651], *Howe* v. *Southrey, supra, Barber* v. *Mulford*, 117 Cal. 356 [49 Pac. 206], *Bates* v. *Gerber*, 82 Cal. 550 [22 Pac. 1115], and *People* v. *Fogg*, 11 Cal. 351. All these cases reiterate the rule that the office of the writ of mandate is to compel performance of an act specifically enjoined by law, that it does not lie to enforce the obligations of contract nor to obtain a money judgment. With the exception of *Howe* v. *Southrey, supra*, none of them involves an existing interest bearing money judgment. Indeed, such cases are distinguished in *Sheehan* v. *Board of Police Commrs., supra*, and the conclusion of the court is summed up in these words, at page 535 of the official report: "It follows from the foregoing review of the authorities that the petitioner and respondent herein neither had nor could obtain such a money judgment in this *mandamus* proceeding as would bear in-

terest under the provisions of sections 1915 and 1920 of the Civil Code, and hence that the trial court was in error in its *ex parte* order of July 2, 1920, in so far as it undertook to direct the issuance of a writ of mandate to the appellants herein, which should include the allowance of interest upon the aggregate amount of the petitioner's pension due and unpaid. . . . '' In *Howe* v. *Southrey, supra,* a judgment had been obtained in the superior court for $55 and costs against the trustees of a school district. The trustees offered to pay the $55 but refused to pay costs or interest. It was held that mandate would lie to compel the payment of the amount of the judgment and costs, but not for interest, since no provision for the payment of interest was contained in the judgment. It was there said, at page 769: ''As to the matter of interest, it does not appear from the petition herein that any interest was provided for in the judgment entered in the original suit. *Mandamus* does not lie to enforce the obligations of contracts, but only to enforce the performance of an act which the law specially enjoins. In this case it can go farther than to compel the board to issue its requisition for the exact amount of the judgment. It cannot determine whether the obligation rests upon the district to pay interest upon the judgment, for such is not the office of the writ of mandate.'' With this rule we disagree. Where a judgment has been obtained which bears interest by force of statute there seems to be no good reason for denying the remedy of mandate to compel the fulfillment of the statutory obligation to pay interest and allowing it to compel the payment of the judgment for the principal. The writ is not being used to enforce a contract obligation nor to adjudicate an unliquidated claim but merely to enforce a statutory obligation which follows automatically upon the entry of the judgment. If the decree obtained by respondents in the condemnation proceeding is a judgment which bears interest by force of statute, and the respondents are otherwise entitled to the aid of this extraordinary remedy, the writ of mandate seems to us a proper means of compelling its payment. The question is solely one of law and is concerned entirely with the existence of the statutory duty to pay interest. We see no objection to its determination in such a proceeding. In this respect *Howe* v. *Southrey, supra,* is overruled.

It is objected that the trial court erred in directing the issuance of the peremptory writ for the reason that, contrary to the recitation in the judgment, there was available to the respondents an adequate legal remedy in the levy of execution as provided in the condemnation statute. Section 1252 of the Code of Civil Procedure provides: "Payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto. If the money be not so paid or deposited, the defendants may have execution as in civil cases; and if the money cannot be made on execution, the court, upon a showing to that effect, must set aside and annul the entire proceedings, and restore possession of the property to the defendant, if possession has been taken by the plaintiff."

There is nothing in the record to show that the method of enforcement provided for such cases is inadequate to compel the payment of interest if the respondents are entitled thereto. The respondents insist that collection of the interest by means of execution is impossible as a practical matter because it would be impossible to reach the fund appropriated for the payment of these awards by this method and, in order to levy execution on a judgment against a city, it is necessary to find property which is not held in a governmental capacity nor devoted to a public use. While it is true that a great deal of public property is exempt from execution (*Marin Water etc. Co.* v. *Sausalito,* 49 Cal. App. 78, 83 [193 Pac. 294] ; *United Taxpayers° Co.* v. *San Francisco,* 202 Cal. 264 [259 Pac. 1101] ), the statutory remedy for enforcement of awards in condemnation suits recognizes this practical difficulty and provides that, in case property of the city cannot be levied upon, the court must set aside the entire proceeding and restore possession if possession has been taken by the condemnor. In order to show this remedy inadequate it appears to us that it would be necessary to make a showing that the condemnee could not be restored to his former position by the court order contemplated by section 1252. No such showing has been made here. On the contrary, while the record is bare of testimony on the subject, it appears from arguments of the parties that the property condemned consisted of littoral rights on the shores of Mono Lake, that the city had not intended an actual possession of the lake shore but the contemplated infringement of these rights was to be by way of ex-

traction of water from streams which flow into the lake and that such diversion would deprive the respondents of their littoral rights by lowering the water level. During the argument before the lower court, counsel for the respondents stated that they were willing to accept the statement of the engineer for the condemnor that there had been at that time no diversion of the streams from their natural courses and they were still flowing into Mono Lake. Therefore, at the time the respondents applied for this writ it did not appear that their rights were not fully protected by the statutory remedy. If they were unable to compel the payment of interest (assuming that they were entitled thereto) by way of levy upon the property of the city they were entitled to an order restoring their property to them unimpaired by any act of the condemnor. They have not shown this could not be done. ▆ Nor do we doubt the power of the court, on such an order, to make the condemnee whole on the question of costs.

This disposition renders it improper for us to consider the substantive question of the duty of the city to pay interest upon the award.

The judgment is reversed and the writ discharged.

Shenk, J., Langdon, J., Curtis, J., and Seawell, J., concurred.